UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA RODRIGUEZ,

    Plaintiff,

                                                                                 Case No. 07-14537
v.                                                           Hon. Lawrence P. Zatkoff

THOMAS PASSINAULT,

    Defendant.
                                                        /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 21, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Order Establishing Deadline for Filing Motions Regarding Damages and for an Order to Set Trial [dkt 32] and Defendant's Motion *in Limine* Regarding Non-Physical, Emotional, and Psychological Injuries [dkt 33]. Defendant's Motion is fully briefed; no response, however, has been filed to Plaintiff's motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. The motions will be addressed in turn.

**II. BACKGROUND**

This Court summarized the facts of this case in its June 18, 2009, Opinion and Order granting summary judgment to Defendant Shiawassee County Sheriff's Deputy Thomas Passinault:

This case arises out of a tragic incident involving the fatal shooting of Michael Murray ("Murray") by Defendant, a Shiawassee County deputy officer. On the night of September 5, 2003, after attending a party, Murray and Plaintiff were dropped off at Murray's truck, which was parked at a local bar. Murray had offered to drive Plaintiff home. While exiting the parking area, Murray spotted a police cruiser. Having consumed alcohol in violation of his parole terms, Murray attempted to elude the cruiser by maneuvering his vehicle through alleys and driveways before pulling into an alley and shutting off his engine and lights. Murray ducked down so as not to be seen and instructed Plaintiff to do the same.

Defendant and fellow officer Jason Jenkins ("Jenkins") had noticed Murray's suspicious driving and proceeded to the area where Murray had parked. After Defendant and Jenkins began to search the area around the truck on foot, Murray started his engine and attempted to drive away. Defendant, allegedly fearing for his and his partner's safety, fired several shots at the vehicle. Murray was fatally struck, and his truck subsequently crashed into a ditch.

Thereafter, Murray's estate brought an action in this Court against Defendant, Jenkins, and the county alleging violations of the decedent's rights under 42 U.S.C. § 1983. *Murray-Ruhl v. County of Shiawassee*, No. 04-72615 (E.D. Mich. filed July 15, 2004) (Zatkoff, J.). The Court granted the defendants' motion for summary judgment. *Murray-Ruhl v. County of Shiawassee*, No. 04-72615, 2005 WL 2464209 (E.D. Mich. Oct. 4, 2005). On appeal, the Sixth Circuit found that genuine issues of material fact precluded an entry of summary judgment as to Defendant, but affirmed this Court's holding as to the remaining defendants. *Murray-Ruhl v. Passinault*, 246 Fed. Appx. 338 (6th Cir. 2007).

Plaintiff originally filed her case on September 2, 2005, but agreed to dismiss the case pending the appeal in *Murray-Ruhl*. It was agreed between the parties that Plaintiff would be allowed to re-file the case within 30 days of the disposition on appeal. Plaintiff re-filed her case on October 23, 2007, naming only Defendant, and alleging violations of 42 U.S.C. § 1983. Plaintiff alleges she was unreasonably seized by Defendant; that she suffered various lacerations and bruises from the crash impact, at least one of which required stitches; and that she experiences continuing knee pain and psychological and emotional distress.

Following the Sixth Circuit's reversal of the Court's June 18, 2009, Opinion and Order granting

Defendant's motion for summary judgment, the parties filed the instant motions. *See Rodriquez v. Passinault*, 637 F.3d. 675 (6th Cir. 2011).

### III. ANALYSIS

**A. Defendant's Motion** *in Limine*

To summarize Defendant's motion, he seeks to exclude evidence at trial of Plaintiff's alleged non-physical, emotional, and psychological injuries caused by witnessing Murray's death. Defendant concedes that Plaintiff may have minor physical injuries. Even so, Defendant contends that such minor physical injuries are not the source of her alleged emotional and psychological injuries. Rather, Defendant contends that Plaintiff's emotional and psychological injuries are a result of a history of psychological issues as well as witnessing Murray's death. Relying on Sixth Circuit case law, Defendant asserts that she can not recover any psychological damages as a result of witnessing Murray's death. Defendant therefore requests that Plaintiff be prevented from presenting evidence and asserting claims for emotional damages, mental anguish or other psychological distress related to witnessing Murray's death.

Defendant's and Plaintiff's arguments center heavily on two cases decided in this Circuit—*Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000) and *Barber v. Overton,* 496 F.3d 449 (6th Cir. 2007).

In *Claybrook*, the family members of their deceased father filed a claim against several individual officers and the relevant municipality, alleging that excessive force was used in violation of 42 U.S.C. § 1983, which resulted in the death of their father. *Claybrook*, 199 F.3d at 353. The district court dismissed several of the family members' claims for a lack of standing because they could not request personal relief for claims stemming from their deceased father's federally

protected liberties. *Id.* at 357. In reversing the district court's dismissal based on the family members' allegations that they were suing in their representative capacities of the deceased father's estate, the Sixth Circuit stated:

> [A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort. *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). . . . Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered *personally by the victim's family* members.

*Id.* (citations omitted and emphasis added).

In *Barber*, the Michigan Department of Corrections released several corrections officers' personal information to prisoners held at the Ionia Maximum Security Correctional Facility. *Barber*, 496 F.3d at 450. Using the released personal information of one male corrections officer, prisoners obtained information about that correction officer's wife, including her social security number and photos of her house and car. *Id.* at 451. Both the male correctional officer and his wife, among several other corrections officers, filed a lawsuit against the director of the Michigan Department of Corrections and two other named defendants. *Id.* The district court dismissed the wife's claims for lack of standing. *Id.* at. 451–52. In affirming the district court's dismissal, the Sixth Circuit stated:

> [T]he alleged constitutional tort in this case is the state's release of her husband's private information. . . . Barber cannot point to an affirmative act committed by the government which violated her constitutional rights. Although she can trace her injury to the government's release of her husband's information, this does not render her a direct victim for purposes of bringing a § 1983 claim. Because Melissa Barber's information was not released by the state, the state did not violate her constitutional rights, and she therefore cannot proceed under § 1983.

4

*Id.* at 457–58.

Based on this Court's reading of the Sixth Circuit's decisions, Plaintiff is entitled to present her non-physical, emotional and psychological damages if: (1) she can point to an act by the government that purportedly violated *her* constitutional rights, and (2) the alleged damages and injuries stem from such violation.

As the Sixth Circuit explained while reviewing this case on appeal, Plaintiff had been seized when Defendant shot and hit Murray. *See Rodriguez*, 637 F.3d at 687. The Sixth Circuit also held that a genuine dispute of fact exists as to whether Defendant's gunfire caused physical injury to Plaintiff during the seizure. *Id.* Therefore, Plaintiff is able to trace her alleged injuries to Defendant's affirmative act of seizing the car as a purported violation of her Fourth Amendment rights. *See Barber*, 496 F.3d at 457–58. In addition, as Plaintiff asserts in her response brief, she seeks damages and injuries that stem from the violation of her constitutional rights, not from witnessing the violation of Murray's rights. Therefore, the Court finds that Plaintiff has satisfied this Circuit's precedent and is entitled to present evidence on her compensatory damages for her alleged direct and personal constitutional violations.

Based on the principles applied in *Claybrook* and *Barber*, the Court notes that Plaintiff is not permitted to present evidence or claim damages as to non-physical, emotional, and psychological injuries stemming from Murray's purported constitutional violation. *See Claybrook*, 199 F.3d at 353 ("[A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort."). The Court makes clear, however, that its findings do not limit Plaintiff's ability to present evidence regarding Murray's death to the extent that his death relates to Plaintiff's alleged constitutional violation and her claim for damages regarding her violation.

After proper instruction, the jury must decide the extent of which Plaintiff's constitutional violations, if they so find, were the direct and proximate cause of her non-physical, emotional and psychological damages, as well as her physical damages. *See Doe v. Sullivan Cnty., Tenn.*, 956 F.2d 545, 550 (6th Cir. 1992), cert. denied, 113 S. Ct. 187 (1992) (holding that a violation of a federally secured right is remediable in damages only if the violation *proximately caused* the alleged injury). Accordingly, the Court denies Defendant's Motion *in Limine* Regarding Non-Physical, Emotional, and Psychological Injuries.

### B. Plaintiff's Motion to Set Deadlines

On November 15, 2011, Plaintiff filed the instant motion seeking the Court to order that all motions must be filed by December 28, 2011, and to set a trial date for March 5, 2012. On December 2, 2011, Plaintiff then filed a "Notice of Partial Withdrawal of Plaintiff's Motion to Set Trial." Plaintiff withdrew its request for a motion cut-off because Defendant had filed the instant Motion *in Limine*, but reiterated its request for an early trial date. The Court has set this matter for a Final Pretrial Conference on January 26, 2012. At the Final Pretrial Conference, the Court and the parties will confer on the appropriate date to set the case for trial. Thus, having addressed Defendant's Motion *in Limine* and Plaintiff's request regarding trial, the Court finds Plaintiff's Motion is moot.

### IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Order Establishing Deadline for Filing Motions Regarding Damages and for an Order to Set Trial [dkt 32] is DENIED as moot; and

(2) Defendant's Motion *in Limine* Regarding Non-Physical, Emotional, and Psychological

Injuries [dkt 33] is DENIED;

    IT IS SO ORDERED.

                                       S/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2011

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2011.

                                       S/Marie E. Verlinde
                                       Case Manager
                                       (810) 984-3290